IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-59-BO-2
No. 5:18-CV-207-BO

| | |
|---|---|
| PARIS CORDAVA WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 203] and amend his motion [DE 210] and the government's motion to dismiss [DE 212]. For the reasons discussed below, respondent's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On July 6, 2015, a jury convicted petitioner of bank robbery and aiding and abetting, in violation of 18 U.S.C. § 2113(a) and 2, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner was sentenced on November 4, 2015 to 108 months' imprisonment. Petitioner appealed his sentence, which the Fourth Circuit affirmed. [DE 177]. He filed the instant § 2255 motion on May 10, 2018, alleging he received ineffective assistance of counsel. On May 30, 2018, petitioner filed a motion to amend his motion. In that motion he expanded his ineffective assistance of counsel claims. The government has moved to dismiss petitioner's motion.

## DISCUSSION

"To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 70 F.3d 354, 359 (4th Cir. 2013) (quotation omitted).

At the outset, petitioner's motion to amend is granted and this Court will consider his original and amended claims. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000); Fed. R. Civ. P. 15(a)(1).

Petitioner's ineffective assistance of counsel claim fails because he has not satisfied the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner's arguments are that defense counsel provided objectively unreasonable advice that deprived him of the right to make an informed decision about whether to proceed to trial. Specifically, petitioner argues defense counsel did not inform him of the statutory maximums for

2

his charges, and that defense counsel did not inform him that consecutive sentences could be imposed. Neither claim meets the *Strickland* standard.

First, petitioner was, in fact, advised of the statutory maximum penalties associated with his charges at his first appearance. [DE 14]. Petitioner was also advised of his rights, charges and penalties by the Court at his arraignment. Petitioner knew what the maximum penalties were and so cannot argue that he was prejudiced by not being informed of them. Petitioner cannot show the result of the proceeding would have been different had he been informed, because he was.

Second, petitioner's claim that he was prejudiced because he was not told that the sentences on his charges could run consecutively fails. This is because his sentences were not run consecutively. [DE 123]. Again, petitioner cannot show the result of the proceeding would have been different. He did not receive a consecutive sentence.

Petitioner's own motion makes it clear that his counsel's actions do not fall below an objective standard of reasonableness. [DE 210 at 5-6]. The fact that petitioner, looking backwards, now wishes he had accepted a plea agreement does not make his counsel at the time deficient. For these reasons, petitioner's motion is dismissed.

## CERTIFICATE OF APPEALABLITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). After reviewing the claims in light of the applicable standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, petitioner's motion to amend [DE 210] is GRANTED. The government's motion to dismiss [DE 212] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 203] is DISMISSED. A certificate of appealability is DENIED.


SO ORDERED.

This the 22 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE